POLEN, C.J.,
dissenting.
While I agree that Zitnick is applicable, I do not believe it compels the result reached by the majority. In both Zitnick and Galbreath, upon which Zitnick relied, the union declined to process the claimant’s grievance to arbitration because it found the grievance to be without merit. Here, DeSantis’ union never found his grievance to be lacking in merit; rather, the fact that it authorized him to pursue arbitration supports that it found the grievance to be meritorious. In any event, I do not believe that the union’s actions, as alleged in the pleadings, may be equated to those in Zitnick and Galbreath to support dismissal of DeSantis’ petition, at least not at this stage in the proceedings. In other words, I take issue with the ma- *1201 Jonty’s holding that this claimed factual distinction is irrelevant to the present posture of this case.
Further, while Zitnick references the necessity that the union control the arbitration step of the grievance process under the CBA, I do not understand it to mandate who shall pay the attorney’s fees for the union member seeking arbitration. While it may seem improbable that the union would support the filing for arbitration on behalf of its member, yet require the member to pay his or her own attorney’s fees, it certainly is not impossible. Moreover, that is precisely what DeSantis is asserting here. The union president’s affidavit does not negate the union’s support of DeSantis’ claim — at worst it raises a question of fact. As indicated earlier, I do not see how the trial court can resolve these issues on a motion to dismiss. For these reasons, I respectfully dissent. I would affirm.